IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICAH N. GREEN                                                                                    PLAINTIFF

vs.                                           Civil No. 2:16-cv-02214

NANCY A. BERRYHILL                                                                              DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Micah N. Green ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed his disability applications on July 16, 2014. (Tr. 151). In these applications, Plaintiff alleges being disabled due to a number of impairments: immune disorders causing fatigue, vomiting, and high fever. (Tr. 329). Plaintiff alleges an onset date of July 2, 2014. (Tr. 151). His applications were denied initially and again upon reconsideration. (Tr. 192-213).

Plaintiff requested an administrative hearing on his denied applications. (Tr. 234-235). This

request was granted, and Plaintiff's administrative hearing was held on June 10, 2015 in Fort Smith, Arkansas. (Tr. 165-191). At this hearing, Plaintiff was present and was represented by David Harp. *Id.* Plaintiff and Vocational Expert ("VE") Jim Spragins testified at this hearing. *Id.* During this hearing, Plaintiff testified he was twenty-eight (28) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (DIB) and 20 C.F.R. § 416.965(c) (SSI). (Tr. 158, Finding 7). As for his education, Plaintiff had at least a high school education and was able to communicate in English. (Tr. 159, Finding 8).

On July 16, 2015, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 148-160). The ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2018. (Tr. 153, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 2, 2014, his alleged onset date. (Tr. 153, Finding 2). The ALJ determined Plaintiff had the following severe impairments: chronic lower back pain, obesity, and mood disorder. (Tr. 153-154, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 154-155, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 155-158, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except the claimant is limited to jobs involving

only simple tasks and instructions.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff did not retain the capacity to perform any of his PRW. (Tr. 158, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 159, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.*

Based upon this testimony and considering his RFC, the ALJ determined Plaintiff retained the capacity to perform the following medium, unskilled occupations: (1) commercial cleaner with 208,000 such jobs in the nation and 1,800 such jobs in Arkansas; and (2) salvage laborer with 59,000 such jobs in the nation and 1,300 such jobs in Arkansas. (Tr. 159, Finding 10). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, at any time from July 2, 2014 through the date of his decision or through July 16, 2015. (Tr. 160, Finding 11).

Plaintiff sought review with the Appeals Council. On August 10, 2016, the Appeals Council denied his request for review. (Tr. 1-3). On August 30, 2016, Plaintiff filed a Complaint in his case. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 5, 12-13. This case is now ready for determination.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff claims the following: (A) the ALJ's RFC determination is improper; (B) he cannot perform the jobs the ALJ identified at Step Five; (C) the ALJ erred by failing to fully and fairly develop the record; and (D) the ALJ erred in his credibility determination. ECF No. 14 at 1-13. Defendant has responded to Plaintiff's brief and claims his case should be affirmed. ECF No. 15. The Court will consider all of these arguments.

**A.     RFC Determination[1]**

Plaintiff claims the ALJ erred in assessing his RFC. ECF No. 14 at 5-7. He argues the following: "[i]t is also contended that the medical records in this file substantially support a finding of a more restrictive RFC. In this case the RFC finding of medium is not substantially support[ed]

---

[1] Plaintiff also argues in this section that the ALJ should have found his nausea and vomiting were severe impairments. However, upon review of the ALJ's opinion, the ALJ fully considered this impairment and determined it was non-severe. Accordingly, the Court finds no basis for reversal on this issue.

by the records, especially in light of the Plaintiff's lower back pain." *Id.*

In his opinion, however, the ALJ considered Plaintiff's alleged impairments and discounted those he found were not credible. Plaintiff has not referenced any *specific limitations* the ALJ improperly assessed or provided any medical evidence or other evidence demonstrating the ALJ erred in assessing his limitations. Plaintiff has the burden of demonstrating his alleged limitations. *See, e.g., Young v. Apfel,* 221 F.3d 1065, 1069 (8th Cir. 2000). Without more, the Court cannot find the ALJ erred in assessing his RFC. As noted above, the mere fact Plaintiff suffers from a number of different impairments does not demonstrate he is disabled due to those impairments.

## B. Step Five

Plaintiff claims the ALJ "clearly failed to prove" there were other jobs he could perform. ECF No. 14 at 8. Apart from this bare claim, however, Plaintiff does not elaborate any further as to how the ALJ erred in his Step Five determination. *Id.*

Upon review, the Court finds no basis for reversal on this issue. The ALJ's hypothetical to the VE need only include those limitations he finds are "substantially supported by the record as a whole." *Pickney v. Chater,* 96 F.3d 294, 296 (8th Cir. 1996). Here, the ALJ included those limitations he found were so supported. Thus, the Court finds the ALJ properly supported his determination at Step Five of the Analysis.

## C. Development of the Record

Plaintiff claims the ALJ erred in developing the record in this case. ECF No. 14 at 8-9. As an initial matter, the ALJ only has the obligation "to develop a reasonably complete record." *Clark v. Shalala,* 28 F.3d 828, 830-31 (8th Cir. 1994). Here, the transcript in this case is over 1,000 pages

long. This transcript includes over 600 pages of Plaintiff's medical records, including his treatment records. (Tr. 357-1079). Based upon this information, the Court finds this is a "reasonably complete record."

Further, a social security case should only be remanded for failure to develop the record where there has been a showing of prejudice or unfair treatment. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding "absent unfairness or prejudice, we will not remand"). Here, Plaintiff has made no specific showing of prejudice or unfair treatment. ECF No. 14 at 8-9. Thus, the Court finds Plaintiff has not met his burden for a reversal in this case.

### D. Credibility Determination

Plaintiff claims the ALJ erred in assessing his credibility. ECF No. 14 at 10-12. Specifically, Plaintiff argues that "the ALJ does not give any solid, substantiated reasons for discrediting . . . [his] . . . testimony." *Id.*

Upon review, the Court again finds no basis for reversal on this issue. In his opinion, the ALJ fully evaluated Plaintiff's subjective complaints and complied with the requirements of *Polaski*. As the ALJ noted, Plaintiff is able to perform a number of daily activities, including the following: "he is able to care for his three-year-old son at home, while his wife slept during the day. He also testified that he is able to lift a 50-pound bag of dog food, which suggests he is capable of performing medium exertional level work." (Tr. 158).

Furthermore, the ALJ noted Plaintiff's "treatment has been generally successful in controlling the claimant's depression symptoms." (Tr. 158). The ALJ also found Plaintiff had "little treatment" for his allegedly disabling back pain. *Id.* Based upon these findings and upon a careful review of the ALJ's credibility determination, the Court finds no basis for reversal on this issue.

**4.** **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 28th day of July 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE